Russell S. Humphrey   (SBN 208744)
Humphrey Law Group
1420 S. Mills Avenue, Suite H
Lodi, CA   95242
TELEPHONE (209)625-8976
FACSIMILE (209)625-8673
E-MAIL: russell@humphreylawgroup.net
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANCISCA MORALEZ, | **3:15-cv-2472-LB** |
| Plaintiff, | |
| vs. | **PLAINTIFF'S CASE MANAGEMENT STATEMENT** ORDER [Complaint Filed June 3, 2015] |
| ROBERT ROWEN, M.D., et al. | |
| Defendants. | Courtroom: C-15th Floor<br>Time: 11:00 a.m.<br>Date: December 17, 2015 |

**1. Jurisdiction and Service**:

The United States District Court, Northern District of California, has original federal question jurisdiction of the action pursuant to 28 U.S.C. §1331 for violations of the ADA, 42 U.S.C. §12101 et seq.  The Court also has supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. §

3:15-cv-2472
Case Management Statement
- 1 -

1367, because the state law claims arise out of the same case or controversy.

Defendants have **NOT** been served as of the date of this filing.  However, counsel for Plaintiff has been in regular contact with counsel for Defendants as the parties have discussed settlement.  Counsel for Defendants indicated he would accept service on behalf of his clients.

**2.  Facts:**

Plaintiff visited Defendants Rowen and Su's office for treatment between May 2013-September 2013 for approximately 10 visits.  While at those several visits, Plaintiff noticed there was no properly configured accessible/van accessible parking, level pavement, safe path of travel, accessible customer counter, proper signage within the location or at the entrance at their office, and crosswalk markings.

Plaintiff experienced difficulty, discomfort and anxiety as her ramp continuously got stuck in the grading of the parking lot as she attempted to exit and enter her accessible van. Plaintiff had to ride her chair with difficulty over rough cracked sidewalk and pavement without proper grading from pavement to sidewalk, with many slopes.

3:15-cv-2472
Case Management Statement

Plaintiff discussed the difficulties with Defendant Su and employees on multiple occasions but nothing was done. Defendant Su, at one point, suggested that she park down the street at another location that she believed did have van accessible parking.

**3.  Legal Issues:**

The legal issues in this case are standard ADA issues common to virtually every ADA case in the district.

**4.  Motions:**

If the case does not settle in the near term Plaintiff expects to do discovery the file a Motion for Summary Judgment.

**5.  Amendment of Pleadings:**

The only potential amendment would be a request to add the owner of the real property at the time Plaintiff experienced the physical barriers. Plaintiff initially named the current owner on her complaint. After meeting with the owner Plaintiff decided to dismiss the current owner as he did not own the property at the time of the discrimination against Plaintiff.

**6.  Evidence Preservation:**

The parties have **NOT** conducted a meet and confer regarding evidence preservation.

**7.   Disclosures**:

Plaintiff has **NOT** provided initial disclosures pursuant to the Federal Rules.

**8.   Discovery**:

No discovery has been propounded as of the date of this filing.

**9.   Class Action**:

Not applicable.

**10.  Related Cases**:

Not applicable.

**11.  Relief**:

Plaintiff seeks injunctive relief, statutory and compensatory damages and fees and cost associated with the litigation.

**12.  Settlement and ADR**:

3:15-cv-2472
Case Management Statement

- 4 -

Plaintiff' counsel spoke to counsel for defendants many times regarding settlement of this matter.  The parties were very close to settling the case.  In fact, there was a settlement release prepared and provided to Plaintiff for her execution.  After review and consideration, Plaintiff decided not to execute the agreement.

Since that time Plaintiff's counsel provided counsel for defendants an updated settlement release that defendants are currently considering.  As of the date of this case management statement defendants are still considering whether to accept the offer or not.

If the case does not settle in the near term Plaintiff is agreeable to an early settlement conference and all available ADR.

**13.   Consent to Magistrate Judge For All Purposes**:

Plaintiff consents to a Magistrate Judge for all purposes.

**14.   Other References**:

Not applicable.

**15.   Narrowing of Issues**:

Not applicable.

3:15-cv-2472
Case Management Statement

**16.  Expedited Trial Procedure:**

Not applicable.

**17.  Scheduling:**

Plaintiff suggests the scheduling of motions and other appropriate dates be set once Defendants appear in the case.

**18.  Trial:**

Plaintiff suggests trial dates be set once Defendants appear in the case.

**19.  Disclosure of Non-party Interested Entities or Persons:**

Not applicable.

**20.  Professional Conduct:**

Not applicable.

**21.  Other Matters:**

Not applicable.

DATED: DECEMBER 7, 2015                **HUMPHREY LAW GROUP**

3:15-cv-2472
Case Management Statement

```
                                    __/s/Russell S. Humphrey_____
                                    By:  Russell S. Humphrey
                                    Attorney for Plaintiff
```

Given this explanation, the court continues the case management conference for approximately 90 days to March 10, 2016 at 11:00 a.m. and directs the filing of an updated case management statement on March 3, 2016.

Dated: December 8, 2015



IT IS SO ORDERED
Judge Laurel Beeler

3:15-cv-2472
Case Management Statement